IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

JAMES M. RUTH and wife          )  KNOX COUNTY
ANNA RUTH; TOM BURNETTE         )  03A01-9805-CH-00167
and wife BRENDA BURNETTE;       )
CHARLIE SMITH and wife          )
LIVONIA SMITH                   )
                                )  HON. H. DAVID CATE,
      Plaintiffs-Appellants     )  CHANCELLOR
                                )
      v.                        )
                                )
COVE CREEK, LLC                 )
                                )
      Defendant-Appellee        )  REVERSED AND REMANDED


RICHARD R. RUTH, JR., OF CHATTANOOGA FOR APPELLANTS

LEWIS S. HOWARD, JR., OF KNOXVILLE FOR APPELLEE


O P I N I O N


                                    Goddard, P.J.


      The question presented by this appeal is whether the

Chancellor was correct in holding the restrictions as to lots in

Woodland Acres Subdivision did not preclude its use as a

commercial for profit fire hall.


      Plaintiff James M. Ruth and others, owners of lots in

the Woodland Acres Subdivision, brought suit against Cove Creek,

LLC, the owner of lot 1, block C, which Cove Creek had leased or

proposed to lease to Rural/Metro Corporation for use as a fire hall.

The following provision is included in the restrictions applicable to the subdivision:

> 4. LAND USE AND BUILDING TYPE - All lots in the tract shall be known and designated as residential lots. No structure shall be erected, altered, placed or permitted to remain on any lot other than one detached single family dwelling not to exceed two stories in height and a private garage for not more than two cars and usual domestic servants quarters.

The Chancellor reasoned that the restrictions in using the language "known and designated as residential lots" was insufficient to restrict the lots for that purpose, and instead found that the owners should have used language such as "may be used only for residential purposes," or to specifically exclude all commercial uses.

In reaching his conclusion the Chancellor relied upon the case of Parks v. Richardson, 567 S.W.2d 465 (Tenn.App.1977), wherein Judge Drowota, then a member of this Court, pointed out two rules of law and construction in this type case. One is that "a restrictive covenant, being in derogation of the free use and enjoyment of property, will be strictly construed against the restriction and in favor of the reasonable use of the property, so that only uses clearly prohibited will be held precluded by such a covenant." We point out, however, that the first rule

2

Judge Drowota mentioned is that "a restrictive covenant will be given a fair and reasonable meaning according to the intent of the parties, which may be determined with reference both to the language of the covenant and to the circumstances surrounding its making."

It seems clear to us that the language of the restriction, particularly the second sentence, leaves no doubt that it was the intent of the parties that the lots be used for residential purposes, and while it is true that the language might have been more precise we believe a fair reading of the entire restriction leads inevitably to this conclusion.

In reaching our determination we have not overlooked the fact that the property is zoned to permit the use contemplated by Cove Creek. However, this is not determinative. We also note that other landowners, including some of the Plaintiffs, violated the restriction by erecting various outbuildings and multiple car garages. We do not believe, however, that Cove Creek has borne its burden to show that such violations are so wide spread as to vitiate the restrictive covenant the Plaintiffs seek to sustain. Scandlyn v. McDill Columbus Corp., 895 S.W.2d 342 (Tenn.App.1994).

For the foregoing reasons the judgment of the Trial Court is reversed and the cause remanded for collection of costs below, which are, as are costs of appeal, adjudged against Cove Creek.

_____
Houston M. Goddard, P.J.

CONCUR:


___(Not Participating)_____
Don T. McMurray, J.


_____
Charles D. Susano, Jr., J.